UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00056-FDW

| | |
|---|---|
| CYNTHIA D. GOODE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Cynthia D. Goode's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 8), and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 12). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further administrative proceedings.

## BACKGROUND

On September 9, 2010, Plaintiff filed an application for disability insurance benefits for an alleged disability beginning on April 30, 2005. (Tr. 12). Plaintiff's application was denied initially, and upon reconsideration, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Id. On October 8, 2012, Plaintiff's onset date was amended to October 30, 2010. On October 16, 2012, the ALJ held a hearing for consideration of

1

Plaintiff's claim. Id. Thereafter, on November 9, 2012, the ALJ issued a decision finding Plaintiff was not disabled. Plaintiff subsequently filed an appeal, which was denied by the Appeals Council on January 7, 2014. Id. Plaintiff now request this Court to review the ALJ's decision. Id.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curium) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S.

2

389, 401 (1971)). The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456; <u>see also</u> <u>Smith v. Schweiker</u>, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the Commissioner's final decision. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. <u>Craig</u>, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. <u>Hays</u>, 907 F.2d at 1456.

## ANALYSIS

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

Plaintiff presents two arguments before this Court regarding the ALJ's denial of benefits. First, Plaintiff argues the ALJ failed to include limitations on her residual functional capacity

("RFC") stemming from the ALJ's finding that Plaintiff's asthma was a severe impairment. Additionally, Plaintiff argues that the ALJ improperly relied on the testimony of the vocational expert ("VE") at step five because the jobs presented conflict with Plaintiff's specific limitations. Because this second argument is dispositive, the Court addresses it first.

Plaintiff argues that the ALJ improperly relied on the VE's testimony because it conflicted with the Dictionary of Occupational Titles ("DOT"). Plaintiff identifies three conflicts between the jobs presented by the VE and Plaintiff's RFC limitations, and she requests that this Court remand this case in order to obtain further testimony by the VE regarding these alleged conflicts.

Pursuant to SSR 00-4: "[o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision. <u>Policy Interpretation Ruling : Titles II & Xvi: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions</u>, SSR 00-4P (S.S.A. Dec. 4, 2000).

Here, it appears that conflicts exist between the RFC limitations and the DOT definitions. The RFC limitations presented in the hypothetical to the VE are:

> The individual does retain the residual functional capacity to perform work at the light exertion level. The individual would be able to lift and carry up to 20 pounds occasionally, 10 pounds frequently; sit up to six hours and stand and walk up to six hours but must be allowed to alternate between sitting and standing at least two times each hour. The individual can **occasionally** perform all postural activities but should avoid, ladders, ropes, scaffolds, and unprotected heights, as well as machinery with dangerous parts. The individual can **frequently but not continuously** use the right hand for pushing and pulling, and operating hand

controls, as well as both fine and gross manipulations, handling and fingering. No work at a production rate or demand pace, the individual can stay on task, sustaining attention and concentration for two hours at a time and **can follow simple but not detailed instructions and perform routine tasks**. No work involving crisis situations, constant changes in a routing setting, or complex decision making. The individual can only occasionally interact or have contact with the public, co-workers, and supervisors, and will require one to two additional five minute rest breaks.

(Tr.46-47). (emphasis added)

The purported conflicts between the DOT definitions for the three jobs and the above limitations are as follows: (1) the mail sorter position requires a "GED level of education," making it unclear whether that reasoning level conflicts with the ALJ's limitation of "simple and routine tasks;" (2) the agricultural produce sorter position requires "occasional" reaching and "constant" hand use, whereas the ALJ's limitation provided for "frequent" hand use; (3) the library page position requires "frequent" stooping and "frequent" kneeling, whereas the ALJ's limitation provided for "occasional" stooping and kneeling. In sum, the hypothetical posed presented limitations that use different terms from the DOT requirements for each position. Dictionary of Occupational Titles, Fourth Edition Revised 2008; job numbers (209.687-026), (529.687-186), (249.687-014).

This Court stops short of explaining the significance of these differences any further. Instead, it is apparent through the transcript and record that the ALJ did not specifically address these potential conflicts. It may well turn out that these discrepancies are uncontested and have no bearing on the ALJ's decision; however, the ALJ should have discussed these purported conflicts with the VE. See Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006).

Defendants argue that the ALJ's decision was supported by substantial evidence notwithstanding these discrepancies. For example, Defendant argues the alleged conflicts would

only reduce the number of jobs and not necessarily eliminate them, thus fulfilling step five of the process. This argument fails because the ALJ did not inquire far enough into the purported conflicts between the DOT guidelines and the RFC limitations in order to adequately address the reduction of employment opportunities. Further, no other evidence in the record supports Defendant's assertions.

## CONCLUSION

IT IS THEREFORE ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further administrative proceedings. In light of remand, the Court declines to address Plaintiff's remaining argument, and the parties' Motions for Summary Judgment (Docs. Nos. 8 and 12) are DENIED WITHOUT PREJUDICE as moot.

IT IS SO ORDERED.

Signed: November 24, 2014

Frank D. Whitney
Chief United States District Judge