UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:14-cv-00056-FDW

| | |
|---|---|
| CYNTHIA D. GOODE, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )     **ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees (Doc. 16) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant filed a response in opposition to Plaintiff's Application for Attorney's Fees (Doc. No. 18), arguing that the Commissioner's defense of the final decision was substantially justified. For the reasons that follow, the motion is **DENIED**.

On March 4, 2014, Plaintiff filed a complaint in this Court for a review of the ALJ's decision. (Doc. No. 1). Both Plaintiff and Defendant filed cross motions for Summary Judgment. (Doc. No. 8 and Doc. No. 12). On November 24, 2014, the Court remanded the case for further administrative proceedings for the ALJ to inquire further into the purported conflicts between the DOT guidelines and the RFC limitations. (Doc. No. 14). In response to the remand order, on February 13, 2015, Plaintiff filed a Motion for Attorney's fees and Cost. (Doc. No. 16).

The parties do not dispute the fact that Plaintiff is the prevailing party. When the court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Granting a motion for attorney's fees and costs

1

to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A court's decision to award attorney's fees is within its sound discretion. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

Defendant has the burden of showing that its position was substantially justified. United States v. 515 Granby, LLC, 736 F.3d 309, 314 (4th Cir. 2013) (citing EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994)). Substantial justification does not require the position to be correct but may be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). "The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law." Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (citing Pierce, 487 U.S. at 565). Defendant's position in case includes "both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position." Crawford, 935 F.2d at 656-67 (citing I.N.S. v. Jean, 496 U.S. 154 (1990)); see also Granby[1], 736 F.3d at 315-16.

"In determining whether the government's position in a case is substantially justified, [the Court] look[s] beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing or in taking a [particular] stance during the litigation." Meyer v. Colvin, No. 13-1700, slip. op. at 8-9 (4th Cir. June 10, 2014) (quoting Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)). In making this determination, "it is appropriate to consider the reasonable overall objectives of the

---

[1] When a court has independently determined that the prelitigation position is unreasonable but the litigation position reasonable, "the government must prove that the unreasonable position did not 'force' the litigation or substantially alter the course of the litigation." Granby, 735 F.3d at 317. However, generally an unreasonable prelitigation position will lead to an award of fees under the EAJA. Id. The Court need not address this point on this case.

2

government and the extent to which the alleged governmental misconduct departed from them." Id. at 14 (quoting Roanoke River Basin, 991 F.2d at 139)

Here, the Court remanded for the ALJ to inquire further into the purported conflicts between the DOT guidelines and the RFC limitations. Defendant argues her position was substantially justified because the ALJ inquired of the vocational expert whether there were any conflicts between the testimony about jobs, and the vocational expert stated no. (Doc. No. 18). Defendant argues the ALJ satisfied his duties by inquiring whether there were any conflicts and then relying on the response to the inquiry in issuing the decision. Defendant argues "the Fourth Circuit has held that SSR 00-4p does not require an ALJ to uncover conflicts between the VE's testimony and DOT evidence, but rather requires the ALJ to inquire only if apparent conflicts exist between a VE's testimony and the DOT and to resolve such discrepancies." Powell v. Colvin, 2014 WL 7005258 at *12 (D.S.C. Dec. 11, 2014) (citing Justin v. Massinari, 20 F. App'x 158, 160 (4th Cir. 2001)).

Plaintiff relies on Gurthrie v. Schweiker, in arguing that if the record is deficient, and, as a result, the government's position based on the record cannot be substantially justified. See Gurthrie v. Schweiker, 718 F.2d 104, 108 (4th Cir. 1983). However, the court in Gurthrie found that even an entry of summary judgment for the claimant does not raise a presumption that the government's position was not substantially justified. Id. The court goes on to state, "It is possible, however, for the administrative record to be *so* deficient that the government would not be substantially justified in relying on it." Id. (emphasis added) In this case, the record was not "so" deficient that it could not possibly be relied on by Defendant. The record was only lacking in the use of different terms in the hypothetical posed from the DOT requirements.

3

Even though the case was remanded to the ALJ for clarification, the Court noted in its remand of the case that the discrepancies may have no bearing on the ALJ's decision. The Court also declined to address the other arguments in the parties' motions for summary judgment due to the remand to the ALJ. Defendant's position need not be correct to be substantially justified, and even though this case was remanded, Defendant's position was substantially justified, particularly where the error may have no bearing on the ALJ's decision.

**IT IS, THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d) is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 25, 2015

Frank D. Whitney
Chief United States District Judge